IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 01-cv-002163-PAC-MEH

SIERRA CLUB and MINERAL POLICY CENTER,

    Plaintiff(s),

v.

EL PASO GOLD MINES, INC.,

    Defendant(s).

---

ORDER RE: CONTINGENT MOTION
TO EXCLUDE PLAINTIFFS' EXPERT WITNESS OPINIONS
AND REQUEST FOR EVIDENTIARY HEARING

---

Patricia A. Coan, United States Magistrate Judge

This is a citizen suit under the Clean Water Act. The parties have consented to determination of this case by a United States Magistrate Judge under 28 U.S.C. §636(c). The matter before the court is Defendant's Contingent Motion to Exclude Plaintiffs' Expert Witness Opinions and Request for Evidentiary Hearing, filed June 30, 2006. Defendant El Paso Gold Mines, Inc. ("El Paso") moves to exclude the purported expert opinions of plaintiffs' expert witnesses – geologist Kenneth Klco, geochemist Ann Maest, Ph.D., and former Environmental Protection Agency (EPA") employee Robert Burm – based on the doctrine of collateral estoppel. Alternatively, El Paso asks that I set an evidentiary hearing pursuant to Fed.R.Evid. 702 to determine the admissibility of the purported expert testimony.[1]

---

[1] I note that Plaintiffs' Motion to Exclude Expert Opinions of Robert Brogden, filed June 30, 2006, is also pending.

I.

Plaintiffs claim in this Clean Water Act citizen suit that El Paso is discharging the pollutants zinc and manganese into Cripple Creek from a point source (the Roosevelt Tunnel via the El Paso shaft) without a permit.

In a parallel action pending before District Judge Krieger, styled as *Sierra Club and Mineral Policy Center v. Cripple Creek and Victor Gold Mining Co.*, Case No. 00-cv–2325-MSK- MEH (hereinafter "the CC&V case"), the plaintiffs alleged that the four defendants[2] violated the Clean Water Act by discharging pollutants into navigable waters (Cripple Creek or Fourmile Creek) from six locations within the Cripple Creek Mining District – including the Roosevelt Tunnel portal (via the El Paso shaft) – in violation of the terms of their discharge permits, or without a discharge permit. Following a seven-day bench trial in the CC&V case in February 2006, District Judge Krieger held, *inter alia*, that plaintiffs had failed to prove that the defendants discharged pollutants without a permit from the Roosevelt Tunnel portal into Cripple Creek. *See* Case No. 00-cv-02325-MSK-MEH, April 13, 2006 Memorandum Opinion and Order, at 38-41.

In the CC&V action, the plaintiffs designated Klco, Maest and Burm as their expert witnesses. The defendants challenged the admissibility of the purported expert testimony under Fed.R.Evid. 702. Following hearings pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny, Judge Krieger did not allow Klco and Maest to provide expert testimony at trial. *See* Contingent Motion to Exclude Plaintiffs' Expert Witness Opinions, Exs. 3, 6. Burm was allowed to give most of his

---

[2]El Paso was not a named defendant in the CC&V action.

offered expert opinions at trial, except to the extent that his opinions constituted legal conclusions. *Id.*, Ex. 9.

El Paso argues that I should give preclusive effect to District Judge Krieger's Fed.R.Evid. 702 rulings in the CC&V action because that case involved the same plaintiffs, the same experts, and almost identical claims for relief.

II.

A.  The Trial Court's Gatekeeper Role for the Admission of Expert Testimony

Federal Rule of Evidence 702 imposes a basic gatekeeper obligation upon a trial judge to ensure that all expert testimony or evidence admitted is relevant and reliable. *Daubert,* 509 U.S. at 589; *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). "[W]here such testimony's factual basis, data, principles, methods, or their application are called sufficiently into question, . . . the trial judge must determine whether the testimony has `a reliable basis in the knowledge and experience of [the relevant] discipline.'" *Kumho Tire Co., Ltd.,* 526 U.S. at 152 (quoting *Daubert*, 509 U.S., at 592).

The court has considerable discretion in the exercise of its gatekeeper function. *See Kumho Tire Co.,* 526 U.S. at 152 ("[T]he trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"); *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1223 (10th Cir. 2003). However, the court cannot abdicate its gatekeeper role altogether. *Dodge*, 328 F.3d at 1223 (citing *Kumho Tire Co.* 526 U.S. at 158-59 (Scalia, J., concurring)

I find that application of collateral estoppel is not appropriate where it would result in abdication of the court's gatekeeper role under Fed.R.Evid. 702. Moreover, El Paso

has not cited any federal cases where one judge on a court has applied collateral estoppel to another judge on the same court's Rule 702 rulings.

B.      <u>Elements of Collateral Estoppel</u>

Even if I could fulfill my gate-keeping obligation by relying on Judge Krieger's Rule 702 rulings in the CC&V action, I find that El Paso has failed to show that all of the collateral estoppel elements are met here.

"Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."  *Allen v. McCurry,* 449 U.S. 90, 94 (1980).

Collateral estoppel applies where the party seeking to establish the defense proves the following elements: (1) the issue decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action. *Dodge*, 203 F.3d at 1198 (citing *Murdock v. Ute Indian Tribe of Uintah & Ouray Reservation*, 975 F.2d 683, 687 (10th Cir. 1992)).

There is no dispute that the third and fourth elements are satisfied.  Accordingly, I consider whether El Paso has proven the first and second elements.

Plaintiffs argue that the F.R.E. 702 admissibility issues involving Klco, Maest and Burm in the CC&V action are not the same because the defendants in the CC&V action

identified Adrian Brown as a rebuttal expert witness and relied on his testimony at the Rule 702 hearings.  In this case, El Paso did not identify Mr. Brown as an expert or rebuttal expert; instead, El Paso identified Robert Brogden as its sole expert witness.  Mr. Brogden's educational background and areas of expertise are different from Mr. Brown's, as are Mr. Brogden's opinions as offered in his expert and rebuttal expert reports.

With regard to Ann Maest, Judge Krieger expressly relied on the opinions of defendants' expert, Adrian Brown, in ruling that Maest's expert testimony was inadmissible under Fed.R.Evid. 702.  *See* Contingent Motion to Exclude Plaintiffs' Experts, Ex. 6.  It is unclear whether Judge Krieger relied on Brown's expert reports or on his testimony in excluding Klco's testimony.  *Id.*, at 3.  Accordingly, at least for Ann Maest, El Paso has failed to establish that the Rule 702 admissibility issue is the same.  Collateral estoppel thus does not apply to preclude plaintiffs from litigating the admissibility of Maest's expert testimony in this action.[3]

Even if the Rule 702 issue involving Klco is the same in both actions, El Paso cannot show that the exclusion of Klco's testimony was essential to the court's decision.  *Yates v. U.S.*, 354 U.S. 298, 336 (1957), *over-ruled on other grounds by Burks v. United States*, 437 U.S. 1 (1978); *see, also*, *Murdock*, 975 F.2d at 687("Adjudication on the merits requires that the adjudication be necessary to the judgment")(citing *Block v. Commissioners*, 99 U.S. 686, 693 (1878));  *Segal v. American Tel. & Tel. Co.,* 606 F.2d 842, 845 n.2 (9th Cir. 1979)("For the purpose of issue preclusion (collateral estoppel) . . .

---

[3]According to El Paso, Robert Burm offered only one opinion in the CC&V action that is relevant to this case.  Judge Krieger found Mr. Burm's opinion to be admissible under Rule 702, except to the extent that it constituted a legal opinion.  It is unclear why El Paso seeks to give that ruling preclusive effect.

relitigation of an issue presented and decided in a prior case is not foreclosed if the decision of the issue was not necessary to the judgment . . ."); *Insurance Co. of North America v. Norton*, 716 F.2d 1112, 1115 (7th Cir. 1983)(It is axiomatic that a party will be precluded by collateral estoppel from relying on an argument only where the determination as to the argument relied on was essential to the judgment in a prior action"); Restatement (Second) of Judgments §27 cmt. j (1982)(a court's determination of an issue that "was actually recognized by the parties as important and by the trier as necessary to the first judgment" has preclusive effect in a subsequent action involving one of the same parties).

Judge Krieger ruled in her Conclusions of Law that plaintiffs failed to prove that the CC&V defendants had discharged a pollutant from the Roosevelt Tunnel portal into Cripple Creek without a permit. *Id.* Judge Krieger held:

> Sierra Club has presented no evidence as to whether, what or the degree to which the chemicals or other substances reported in test results are naturally found in the water at the subject locations. Thus, the Court has no evidence from which it can determine whether any pollutant has been added or discharged into the water. As a consequence, the Sierra Club has not proved that there has been a violation of the Clean Water Act.

Memorandum Opinion and Order in 00-cv-2325-MSK-MEH, at 41.

Judge Krieger's decision in the CC&V action was based on her narrow factual finding that plaintiffs failed to present any evidence about whether the zinc and manganese found in the water exiting the Roosevelt Tunnel into Cripple Creek occurred naturally or because of human action. Judge Krieger made the following statement in her Findings of Fact: "Prior to trial, the Court excluded several opinions offered by the Plaintiffs pursuant to Fed.R.Evid. 702. None of the excluded opinions addressed whether the

chemical constituents in the water obtained from the various locations were naturally occurring or were the result of human action." *See* Memorandum Opinion and Order in Civil Action No. 00-cv-02325-MSK-MEH, at 17, n.15. Accordingly, the exclusion of Klco's expert testimony was not essential to Judge Krieger's decision to rule against the plaintiffs on their Clean Water Act claim because she found expressly that the expert testimony did not address the basis for her ruling. In other words, Judge Krieger would have dismissed the plaintiffs' claims whether or not Klco testified, so Klco's testimony was not necessary to her decision.

Collateral estoppel thus does not preclude plaintiffs from litigating the admissibility of Klco's expert testimony is this action.

For all the reasons set forth above, it is

**HEREBY ORDERED** that defendant's Contingent Motion to Exclude Plaintiffs' Expert Witness Opinions, filed June 30, 2006, is **DENIED** in part as follows. Defendant's motion to exclude plaintiffs' experts' opinions on the basis of collateral estoppel is **DENIED.** Defendants' motion to exclude plaintiffs' experts' opinions as inadmissible under Fed.R.Evid. 702 is **HELD IN ABEYANCE** until after the court conducts an evidentiary hearing. It is

**FURTHER ORDERED** that the Request for Evidentiary Hearing, filed June 30, 2006, is **GRANTED**. The court shall set an evidentiary hearing pursuant to Fed.R.Evid. 702 at the August 15, 2006 telephonic status conference.

Dated August 10, 2006.

                                        BY THE COURT:

                                        s/ Patricia A. Coan
                                        PATRICIA A. COAN
                                        United States Magistrate Judge